877 A.2d 1232

IN THE MATTER OF VINCENT M. YACAVINO, AN ATTORNEY AT LAW (ATTORNEY NO. 220211964).

July 22, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–426, concluding that **VINCENT M. YACAVI-**

NO of **MENDHAM**, who was admitted to the bar of this State in 1964, should be suspended from the practice of law for a period of six months for violating *RPC* 3.1 (filing a frivolous complaint), *RPC* 3.2 (failing to expedite litigation), *RPC* 3.4(g) (presenting or threatening to present criminal charges to obtain an improper advantage in a civil matter), *RPC* 3.5(c)(engaging in conduct intended to disrupt a tribunal), and *RPC* 8.4(d) (engaging in conduct prejudicial to the administration of justice);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice, respondent should be required to provide proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **VINCENT M. YACAVINO** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective August 15, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.